AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### Eastern District of Virginia
Norfolk Division

FILED

NOV 10 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

TIMOTHY S. MILLER

Defendant.

Case Number:   2:14CR00079-002

USM Number:   84214-083

Defendant's Attorney:   Jon Babineau

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18:Sections 201(c)(1)(A) and 2 | Gratuity Paid to a Public Official | Felony | May 14, 2009 | 1 |

On motion of the United States, the Court has dismissed with prejudice the counts in the Indictment as to defendant TIMOTHY S. MILLER.

As pronounced on November 7, 2014, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 7th day of November, 2014.

/s/
Rebecca Beach Smith
Chief
United States District Judge

Rebecca Beach Smith
Chief United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

| | |
|---|---|
| Case Number: | 2:14CR00079-002 |
| Defendant's Name: | MILLER, TIMOTHY S. |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWENTY-FOUR (24) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall undergo a mental health evaluation and shall receive appropriate mental health treatment and counseling, in particular for depression, anxiety, and any other mental health issues deemed appropriate.

2) The defendant shall receive a full medical evaluation and shall receive all appropriate medical treatment and all appropriate medications for any conditions he may have, in particular for his heart problems/conditions.

3) The probation officer shall forward under seal to the Bureau of Prisons any available medical records and list of medications of the defendant.

4) The court recommends that the defendant be incarcerated at the facility in Butner, North Carolina, if deemed appropriate by the Bureau of Prisons.

The defendant shall self-report for the service of the sentence at the institution designated by the Bureau of Prisons within sixty (60) calendar days of November 7, 2014, at or before 3:00 p.m., on the sixtieth (60th) day. If an institution has not been designated by that time, the defendant shall self-report for service of the sentence to the United States Marshal's Office, 600 Granby Street, Norfolk, VA 23510, sixty (60) calendar days from November 7, 2014, at or before 3:00 p.m., on the sixtieth (60th) day.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.

_____
                                                   UNITED STATES MARSHAL

By      _____
                                                   DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 – Supervised Release

| | |
|---|---|
| Case Number: | 2:14CR00079-002 |
| Defendant's Name: | MILLER, TIMOTHY S. |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) YEAR.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| **Case Number:** | **2:14CR00079-002** |
| **Defendant's Name:** | **MILLER, TIMOTHY S.** |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall continue to participate in a mental health treatment and counseling program at the direction and discretion of the probation officer and in consultation with any health care provider. The defendant shall bear the costs of this program.

2) The defendant shall waive all rights of confidentiality regarding medical/mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

3) The defendant shall provide written notification of the nature of his conviction to any employer he may have during his period of supervised release. A copy of this written notification shall be submitted to the probation officer, and the probation officer shall verify that the defendant's employer received his notification.

4) During the term of supervised release, the defendant is prohibited from engaging in any employment in which his duties involve the procurement or award of government contracts.

5) During the term of supervised release, the defendant is prohibited from engaging in any self-employment.

6) The court does not deny federal benefits because the denial is not applicable.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

| Case Number: | 2:14CR00079-002 |
| Defendant's Name: | MILLER, TIMOTHY S. |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 1 | $100.00 | $25,000.00 | $0.00 |
| TOTALS: | | $100.00 | $25,000.00 | $0.00 |

## FINES

The defendant shall pay a fine of $25,000.00 as to Count 1, which shall be due in full immediately.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

## FORFEITURE

The court entered a Consent Order of Forfeiture on November 7, 2014, which is made a part hereof, thereby becoming a money judgment in the amount of $167,000.00, to the extent all applicable notice and legal requirements set forth in the Consent Order of Forfeiture are met.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

| | |
|---|---|
| **Case Number:** | **2:14CR00079-002** |
| **Defendant's Name:** | **MILLER, TIMOTHY S.** |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and fine shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.